OPINION
{¶ 1} Appellant appeals from his conviction and sentence entered upon his pleas of guilty to four counts of burglary and two separate firearm specifications before the Licking County Court of Common Pleas.
{¶ 2} Appellee is the state of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On October 31, 2002, Appellant was indicted on four counts of burglary, in violation of R.C. 2911.12.(A)(3) and two separate firearm specifications.
{¶ 4} On December 4, 2002, Appellant was appointed counsel.
{¶ 5} On December 9, 2002, Appellant was arraigned and entered pleas of not guilty to the charges.
{¶ 6} On December 30, 2002, a pre-trial conference was held. A jury trial scheduled for January 30, 2003.
{¶ 7} On January 21, 2003, per the request of defense counsel, a change of plea hearing was scheduled for February 18, 2003, and the jury trial was canceled.
{¶ 8} On February 8, 2003, Appellant's court-appointed counsel, Diane M. Menashe, moved the court to withdraw as counsel.
{¶ 9} On February 18, 2003, the trial court granted Atty. Menashe's motion to withdraw and appointed Kristin Burkett to serve as new counsel for Appellant.
{¶ 10} A status conference was held on March 6, 2003, at which time a new change of plea hearing was scheduled for April 4, 2003.
{¶ 11} On April 4, 2003, Appellant entered pleas of guilty to each of the charges and specifications contained in the indictment. Appellant signed a Change of Plea form. Said form stated that Appellant was satisfied with his attorney's advice and competence, that no threats had been made and no promises had been made to him as part of the plea agreement. In addition, the trial court asked Appellant if he had discussed the facts and the possible defenses of his case fully with his counsel, to which he replied that he had. (T. at 9). He further stated, upon inquiry from the trial court, that he was "very satisfied" with his attorney's counsel, advice and representation. (T. at 10).
{¶ 12} The trial court sentenced Appellant to three (3) years on each of the four counts of burglary, with said sentences to run concurrent to each other. Appellant was also sentenced a term of one year on each of the firearm specifications, with said one year sentences to run consecutive to each other and prior to and consecutive with the sentence on the burglary counts. Appellant was also ordered to pay costs, fees and restitution.
{¶ 13} On October 29, 2003, Appellant filed a Motion to Withdraw guilty plea and Petition for Post-Conviction Relief.
{¶ 14} A non-oral hearing was scheduled for November 25, 2003, on Appellant's motions.
{¶ 15} On November 25, 2003, the trial court denied Appellant's Motion to Withdraw his guilty plea and further found that an evidentiary hearing was not necessary for the reason that Appellant's claims were contradicted by the record.
{¶ 16} On December 5, 2003, Appellant filed a notice of appeal of his April 4, 2003, Judgment Entry of conviction and sentence.
{¶ 17} On January 6, 2003, Appellant filed another Notice of Appeal and Docketing Statement again stating that he was appealing the April 4, 2003 judgment.
{¶ 18} Appellant now appeals, assigning the following error for review:
 ASSIGNMENTS OF ERROR
{¶ 19} "I. The trial court abused its discretion in failing to specify in judgement with particularity facts findings and conclusions of law warranting dismissal of defendant's Criminal Rule 32.1 and R.C. 2953.21 motion for relief.
{¶ 20} "II. Defendant-appellant was deprived of effective assistance of counsel when defense counsel failed to perform as that of an attorney with ordinary training and skill in criminal law."
 I., II.
{¶ 21} In his first assignment of error, Appellant argues that the trial court erred when it failed to issue specific findings of fact and conclusions of law when it denied his motion to withdraw guilty plea. In his second assignment of error, Appellant argues ineffective assistance of trail counsel.
{¶ 22} Appellate Rule 3(D) provides, in pertinent part, that "[t]he notice of appeal . . . shall designate the judgment, order or part thereof appealed from. . . ." We agree with the Eighth District Court of Appeals which has held that "App.R. 3 must be construed in light of the purpose of a notice of appeal, which is to notify appellees of the appeal and advise them of `just what appellants . . . [are] undertaking to appeal from.'" Parks v.Baltimore Ohio RR (1991), 77 Ohio App.3d 426, 428,602 N.E.2d 674, (citing Maritime Manufacturers, Inc. v. Hi-Skipper Marina
(1982), 70 Ohio St.2d 257, 258-259, 436 N.E.2d 1034). An appellate court need not review the merits of the judgment or order, unless it is designated or otherwise referenced in the notice of appeal. Id.; Schloss v. McGinness (1984),16 Ohio App.3d 96, 97-98, 474 N.E.2d 666.
{¶ 23} Appellant never filed a Notice of Appeal from the November 25, 2003, Judgment Entry denying Appellant's motion to withdraw guilty plea. Appellant, in both his December 5, 2003, Notice of Appeal, and January 6, 2004, Notice of Appeal, only appealed from the trial court's April 4, 2003, Judgment Entry.
{¶ 24} Accordingly, this Court has no jurisdiction to review the trial court's judgment of November 25, 2003, denying Appellant's motion to withdraw his guilty plea.
{¶ 25} Furthermore, the record reveals appellant filed his notice of appeal of the April 4, 2003, Judgment Entry well outside the thirty-day deadline set forth in App. R. 4(A). This time requirement is jurisdictional in nature. See, e.g., Statev. Elersic, Lake App. No. 2003-L-198, 2004-Ohio-1707, ¶ 6, citing State ex rel. Pendell v. Adams Cty. Bd. of Elections
(1988), 40 Ohio St.3d 58, 60.
{¶ 26} Accordingly, we are compelled to dismiss the within appeal.
{¶ 27} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby dismissed.
Boggins, J., Wise, P.J. and Edwards, J. concur.