DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction on guilty pleas entered in the Erie County Court of Common Pleas for the following offenses: theft, forgery, and three counts of burglary. Since we conclude that the trial court acted within its discretion in denying appellant's presentencing motion to withdraw his plea, we affirm.
 {¶ 2} In trial court case No. 2005-CR-013, on January 20, 2005, appellant was indicted on two counts of theft, three counts of burglary, and one count of forgery. In trial court case No. 2005-CR-280, on July 18, 2005, appellant was indicted on two additional counts of burglary. Initially, appellant pled not guilty to all charges.
 {¶ 3} At an August 24, 2005 plea hearing, appellant agreed to plead guilty to one count of theft, one count of forgery, and three counts of burglary. These offenses constituted violations of the terms of community control sanctions imposed on appellant in a prior case of cocaine trafficking, trial court case No. 2002-CR-428. Following an appropriate Crim.R. 11 colloquy, the trial court accepted appellant's plea. The court scheduled an August 29, 2005 sentencing hearing. However, appellant failed to appear. The trial court revoked appellant's bond and issued a bench warrant for his arrest.
 {¶ 4} On September 13, 2005, appellant appeared with counsel before the trial court for sentencing. According to the transcript, it is apparent that there was some preliminary discussion off the record that appellant wished to withdraw his guilty pleas. Once on the record, the trial court started the proceeding by giving appellant an open-ended opportunity to speak for himself regarding his argument for withdrawing his pleas. What followed started out as a claimed misunderstanding of what his prison term would be under the plea and soon degenerated into a claim that this prison term was somehow disproportionate for theft crimes against his mother.
 {¶ 5} The trial court then inquired concerning the representations regarding prison terms made in the plea form, as well as appellant's signature on the plea form. In response, appellant alternatively stated, "I wasn't paying attention to that, ma'am," "I didn't see that," "No. I didn't sign nothing," "Man, I was under duress, man," "I mean I was stressed out, ma'am," and "And I was lost in the sauce, man. I was confused." After this last statement, appellant denied to the trial court that he meant he was under the influence of alcohol or drugs at the time that he entered his pleas. At another point in the on-the-record "discussion" of appellant's knowledge at the time of entering the pleas, appellant stated that his defense counsel "railroaded" him and implied that his defense counsel had added terms to the plea form after appellant signed it. Appellant's defense counsel emphatically denied this allegation. Thereafter, the trial court expressed confidence in defense counsel's integrity and competency. The trial court proceeded with sentencing, denying appellant's oral motion to withdraw his guilty pleas. From this judgment, appellant now brings this appeal.
 {¶ 6} Appellant sets forth the following single assignment of error:
 {¶ 7} "The trial court abused its discretion when it did not allow defendant to withdraw his guilty plea prior to sentencing."
 {¶ 8} As a preliminary matter, appellee contends that appellant's appeal of the denial of his motion to withdraw his plea is not properly before this court because appellant's notice of appeal is based on the sentencing entry. Appellee cites Statev. Perez, 5th Dist. No. 03-CA-107, 2004-Ohio-3646, State v.Kennedy, 8th Dist. No. 79143, 2002-Ohio-42, and State v. Riggs
(Oct. 20, 2000), 6th Dist. No. F-00-014, for this jurisdictional argument. However, Perez and Kennedy are distinguishable from the present case since they both involved a post-sentence written motion to withdraw a plea for which there was a judgment entry separate from the sentencing judgment entry. Furthermore, Riggs
actually seems to stand for the proposition that the proper judgment entry from which to appeal is the sentencing judgment entry when there is no other separate entry denying the motion to withdraw the plea. In the present case, there is no separate judgment entry denying appellant's oral motion to withdraw his plea. The sentencing entry is the only entry from which appellant could contest the trial court's action on his motion to withdraw his plea. Appellee's jurisdiction argument fails. This matter is properly before this court.
 {¶ 9} In appellant's sole assignment of error, he contests the trial court's denial of his presentence motion to withdraw his guilty plea.
 {¶ 10} Crim.R. 32.1 provides:
 {¶ 11} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 12} Generally, a motion to withdraw a guilty plea is to be freely and liberally granted. State v. Xie (1992), 62 Ohio St.3d 521, 526. However, the Xie court indicated that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Id. at paragraph one of the syllabus. Rather, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. The court further held that "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Id. at paragraph two of the syllabus. Accordingly, in order to find that the trial court abused its discretion, a reviewing court must find that the court's ruling was "unreasonable, arbitrary or unconscionable." Id. at 527.
 {¶ 13} In reviewing a trial court's decision regarding a motion to withdraw a plea, the court in State v. Fish (1995),104 Ohio App.3d 236, set forth a non-exhaustive list of factors to weigh when considering a motion to withdraw a plea. Such factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. Id. at 240. Finally, a change of heart or mistaken belief about pleading guilty is not a reasonable basis that requires a trial court to permit the defendant to withdraw his guilty plea. State v. Lambros (1988), 44 Ohio App.3d 102,103.
 {¶ 14} Appellant's arguments center on the fourth and fifth factors listed above. While the Xie court failed to specifically set forth what type of hearing is required, it is axiomatic that such hearing must comport with the minimum standards of due process, i.e., meaningful notice and opportunity to be heard. See Fuentes v. Shevin (1972), 407 U.S. 67, 80. However, Xie does not require that a full evidentiary hearing be held in all cases. See State v. Mercer (Jan. 14, 2000), 6th Dist. Nos. L-98-1317, L-98-1318; State v. Smith (Dec. 10, 1992), 8th Dist. No. 61464. The scope of a hearing on an appellant's motion to withdraw his guilty plea should reflect the substantive merits of the motion. Smith; State v. Mitchell
(Nov. 30, 2000), 6th Dist. No. L-99-1357. "[B]old assertions without evidentiary support simply should not merit the type of scrutiny that substantial allegations would merit. * * *. This approach strikes a fair balance between fairness for an accused and preservation of judicial resources." Smith; see, also,State v. Graham (Dec. 23, 1996), 4th Dist. No. 95 CA 22.
 {¶ 15} In a recent case very similar to the present one, we reviewed a trial court's denial of a defendant's oral motion to withdraw a guilty plea that the defendant made at his sentencing hearing. In State v. Heidelburg, 6th Dist. No. S-05-018,2006-Ohio-1979, the transcript revealed that the appellant was given an opportunity to explain his reasons for wishing to withdraw his guilty plea. Further, in contrast to State v.Nicholson, 8th Dist. No. 8285, 2004-Ohio-2394, the appellant did not request a continuance to file a formal motion or any other accommodation for preparation. We found that there was nothing in the record to suggest that the trial court did not give the appellant's motion full and fair consideration before finding it not well-taken. Id. at ¶ 15. Therefore, we concluded that the appellant was afforded a hearing on his motion and that the trial court did not abuse its discretion in denying the motion. Id. at ¶ 16.
 {¶ 16} Likewise, in the present case, it cannot be said that there was no hearing on appellant's oral motion. Appellant was allowed to make his motion and explain his reasons for wishing to withdraw his guilty pleas. Appellant did not request a continuance or any other accommodation for preparation. There is nothing in the record to suggest that the trial court did not give appellant's motion full and fair consideration before finding it not well-taken. Rather, it appears that appellant had a change of heart or mistaken belief about pleading guilty. According to Lambros, this is not a reasonable basis that required the trial court to permit appellant to withdraw his guilty plea.
 {¶ 17} Consequently, we conclude that appellant was afforded a hearing on his motion to withdraw his guilty pleas. Moreover, it does not appear that the trial court abused its discretion in denying the motion. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 18} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J. Singer, P.J. Skow, J., Concur.