[Cite as *State v. Hageman*, 2015-Ohio-389.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals Nos. L-13-1186
                                                                                    L-13-1187
        Appellee

                                                                Trial Court Nos. CR0201301354
v.                                                                                   CR0201301276

Bryon Hageman                                      **DECISION AND JUDGMENT**

        Appellant                                          Decided:  January 30, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy Jarrett, Assistant Prosecuting Attorney, for appellee.

Neil S. McElroy, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} These consolidated appeals are before the court from judgments of the Lucas

County Court of Common Pleas, which sentenced defendant-appellant, Bryon Hageman,

to a total term of 6 years and 2 months incarceration following the court's denial of his

motion to withdraw his guilty pleas.  Appellant now challenges the court's denial of his

motion through the following assignment of error:

The trial court abused its discretion when it denied Mr. Hageman's pre-sentence motion to withdraw his plea.

{¶ 2} On February 14, 2013, appellant was indicted in Lucas County Common Pleas case No. CR0201301276, and charged with one count of felonious assault of a police officer in violation of R.C. 2903.11(A)(2), a first degree felony. He was appointed counsel, entered a plea of not guilty, and the matter was set for trial. On March 1, 2013, appellant was indicted in Lucas County Common Pleas case No. CR0201301354, and charged with one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a third degree felony. Again, he was appointed counsel, entered a plea of not guilty, and the matter was set for trial. The court subsequently ordered that the cases be joined for trial.

{¶ 3} On May 6, 2013, however, appellant, in open court, withdrew his prior not guilty pleas and entered pleas of guilty to one count of felonious assault of a police officer and to one count of the reduced charge of attempt to commit failure to comply, a fourth degree felony. In exchange for appellant's guilty pleas, the state agreed to request a dismissal of the charges it had filed against him in Lucas County Common Pleas case No. CR0201301584. In that case, appellant was charged with two additional counts of felonious assault of a police officer, both first degree felonies. Appellant was given a full and thorough Crim.R. 11 hearing. The court then found that appellant made a knowing, intelligent and voluntary waiver of his constitutional rights, accepted his pleas, found him

2.

guilty of the two offenses, and set the matter for sentencing. The sentencing hearing was twice rescheduled at appellant's request.

{¶ 4} Prior to sentencing, appellant appeared in court with both his appointed counsel and newly retained counsel. Appointed counsel requested leave to withdraw as counsel and appellant's newly retained counsel requested leave to withdraw the guilty pleas. The court granted appointed counsel's motion to withdraw as counsel and set the matter for a hearing on appellant's motion to withdraw his pleas. That hearing proceeded on July 24, 2013. Following testimony by both appellant and his prior appointed counsel, the court denied appellant's motion to withdraw his guilty pleas. In denying the motion, the court determined that appellant had not presented a reasonable and legitimate basis for withdrawing his pleas, but simply had a change of heart, which was an insufficient reason to set aside the pleas. The court then proceeded to sentence appellant to five years in prison on the felonious assault conviction and 14 months on the attempt to commit failure to comply conviction, with the terms to be served consecutively.

{¶ 5} In his sole assignment of error, appellant asserts that the lower court abused its discretion in denying his presentence motion to withdraw his guilty pleas.

{¶ 6} Generally, a Crim.R. 32.1 presentence motion to withdraw a guilty plea is to be freely and liberally granted, although there is no absolute right to withdraw a plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of the syllabus. In *Xie*, the Supreme Court of Ohio directed that a trial court conduct a hearing on such a motion "to determine whether there is a reasonable and legitimate

3.

basis for the withdrawal of the plea." *Id.* A trial court's decision granting or denying a presentence motion to withdraw a guilty plea is within the court's sound discretion and will not be reversed on appeal absent an abuse of discretion. *Id.* at paragraph two of the syllabus. The term "abuse of discretion" implies that the trial court's attitude in reaching its decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 7} In determining whether a trial court abused its discretion in denying a presentence motion to withdraw a guilty plea, a reviewing court weighs a list of factors, including:

> (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. *State v. Eversole*, 6th Dist. Erie Nos. E-05-073, E-05-074, E-05-075, and E-05-076, 2006-Ohio-3988, ¶ 13, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995).

4.

{¶ 8} Finally, a change of heart or mistaken belief about pleading guilty is not a reasonable basis that requires a trial court to permit the defendant to withdraw his guilty plea. *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

{¶ 9} In reviewing the factors articulated above, we note that the parties agree that the prosecution would not be prejudiced if the pleas were set aside, that appellant was represented by highly competent counsel when he entered the pleas, and that appellant was given a full Crim.R. 11 hearing when he entered the pleas. Indeed, appellant does not assert that the plea hearing was incomplete or that he did not understand the nature of the charges and possible penalties when he entered the pleas. It is further uncontroverted that appellant made his motion to withdraw within a reasonable time, and, upon a thorough review of the record, we find that the lower court held a full hearing on that motion. Appellant contends, however, that he set forth specific reasons for the withdrawal and that the court did not give full and fair consideration to the motion.

{¶ 10} Daniel Arnold, appellant's previously appointed counsel, testified at the hearing below. Arnold stated that during his representation of appellant, he viewed with appellant the discovery provided by the state, including video footage from police cruisers that showed the incident that formed the basis of the charges against him. Arnold testified that throughout his representation of appellant, appellant's trial posture was consistent in that he wanted and expected to be tried on the charges. Appellant only changed his position when the state offered to reduce the failure to comply charge to an attempt charge. Arnold stated, however, that shortly after appellant entered his pleas, he

5.

asked for his discovery materials so that he could seek a second opinion. Arnold had the impression that appellant was uneasy about the pleas he had just entered.

{¶ 11} At the hearing below, appellant testified that from the outset his position was that he wanted to go to trial on the charges. Initially, the state proposed a plea offer in which appellant could avoid additional charges by pleading guilty to the felonious assault and failure to comply. Appellant rejected the offer, knowing that the additional charges would be brought. After the two additional felony charges were filed, appellant again discussed the case with his attorney and maintained his position that he wanted to proceed to trial. Subsequently, appellant's counsel relayed a new offer by the state, under which appellant would plead guilty to felonious assault and attempted failure to comply, and in exchange, the state would dismiss the remaining two felonious assault charges. Appellant testified that although he still wanted to go to trial, he decided to take the plea based on his attorney's advice. The next day, appellant appeared in court and entered his pleas.

{¶ 12} Appellant testified that immediately after the plea hearing concluded, he asked his appointed counsel for copies of the discovery material so that he could seek a second opinion from another attorney. He stated that he wanted a second opinion because he was not comfortable with the plea agreement he had just entered into. Thereafter, appellant sought the advice of two attorneys. Appellant testified that after conferring with those attorneys, and reviewing the discovery with them, he determined that he had made a mistake in pleading guilty and wanted to go to trial. Appellant stated

6.

that he reached this conclusion knowing that he was facing a substantially greater sentence if convicted of all four charges.

{¶ 13} Based on this evidence, appellant contends that he set forth a specific reason for the withdrawal: that he was subsequently advised by two attorneys that he should withdraw his pleas and proceed to trial.

{¶ 14} In denying appellant's motion, the lower court reviewed the record in light of the nine factors set forth above. The court concluded that appellant had simply had a change of heart about the pleas and, therefore, had not shown a reasonable and legitimate basis to withdraw them. Appellant emphasizes that presentence motions to withdraw guilty pleas are to be freely and liberally granted. Our standard of review in appeals from the denials of such motions, however, is abuse of discretion. Upon a thorough review of the record, we cannot say that the lower court abused its discretion in its judgment. Appellant's assertion that he was advised by two attorneys to withdraw his pleas, without more, did not provide the court with a reasonable and legitimate basis to grant the withdrawal. Rather, the record supports the court's conclusion that appellant simply had a change of heart or mistaken belief about pleading guilty.

{¶ 15} Accordingly, the sole assignment of error is not well-taken.

{¶ 16} On consideration whereof, the court finds that the judgments of the Lucas County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.              _____
                                                                        JUDGE

Arlene Singer, J.

                                                                        _____
James D. Jensen, J.                                                  JUDGE
CONCUR.

                                                                         _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.