[Cite as *State v. Davis*, 2016-Ohio-1391.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                  Court of Appeals No. L-15-1084

　　　　Appellee                          Trial Court No. CR0201402535

v.

Dennis Dwight Davis                      **DECISION AND JUDGMENT**

　　　　Appellant                         Decided: March 31, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Christopher S. Clark, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** This is an appeal from the judgment of the Lucas County Court of Common

Pleas, denying appellant's, Dennis Dwight Davis, motion to withdraw his pleas of no

contest, and convicting him of three counts of rape in violation of R.C. 2907.02(A)(2)

and (B), felonies of the first degree, and two counts of sexual battery in violation of R.C.

2907.03(A)(5) and (B), felonies of the third degree. For the reasons that follow, we affirm.

{¶ 2} On September 25, 2014, the Lucas County Grand Jury entered a 24-count indictment against appellant, including 10 counts of rape, six counts of unlawful sexual conduct with a minor, and eight counts of sexual battery. The charges arose from encounters with multiple victims, all of whom appellant had known previously. Appellant entered initial pleas of not guilty to those charges. On February 11, 2015, as part of a plea agreement, a 25th count was filed by information, charging appellant with rape in violation of R.C. 2907.02(A)(2) and (B). Appellant withdrew his initial pleas of not guilty, and pleaded no contest to the charge contained in the information as well as two other counts of rape and two counts of sexual battery. The remaining counts were dismissed. Upon accepting the plea and finding appellant guilty, the trial court continued the matter for sentencing on March 3, 2015.

{¶ 3} On March 3, the trial court began the sentencing hearing by first addressing a pro se, handwritten motion to withdraw his guilty pleas, filed by appellant on February 27, 2015. The trial court gave appellant additional time to consult with his attorney, after which appellant elected to go forward with the motion to withdraw his guilty pleas against the advice and recommendation of his attorney. The court then held a hearing on the motion.

{¶ 4} In support of his motion, appellant argued that he was never comfortable with pleading guilty in the first place, but he was told that he had no chance at trial, so he

2.

accepted the plea agreement. He also stated that there were things which were favorable to his defense, as well as discovery to which he had not had access. Appellant noted that these reasons were why he paused during the Crim.R. 11 colloquy at the plea hearing when the trial court asked him if he was comfortable taking the plea and was happy with his attorney's advice. Finally, appellant indicated that he believed he is not guilty of all of the charges, and he would prefer going to trial with a new attorney.

{¶ 5} In response to an inquiry by the court, appellant's trial attorney commented that there was substantial evidence against appellant, including DNA evidence and testimony from the victims, and also flight issues prior to appellant's arrest. The trial attorney stated that he recommended accepting the plea offer based on the evidence and the fact that, if convicted, appellant faced life imprisonment on some of the counts.

{¶ 6} Upon receiving appellant's arguments, the trial court exercised its discretion and denied appellant's motion to withdraw his guilty pleas. In its reasoning, the court found that trial counsel was competent, that the Crim.R. 11 requirements were meticulously followed, that while the prosecution may not be prejudiced, there may be prejudice to the witnesses because of their age and the number of offenses that allegedly occurred, and that appellant had not demonstrated a reasonable and legitimate basis for withdrawing the pleas. The court then continued immediately to sentencing, and ordered appellant to serve a total prison term of 19 years.

{¶ 7} In its subsequent judgment entry memorializing the denial of the motion to withdraw the guilty pleas, the trial court stated as its rationale:

3.

The Court finds that the competency of counsel when he entered the pleas was not in question. During the plea hearing the Court found that the defendant knowingly, intelligently, and voluntary [sic] waived his rights pursuant to Rule 11. During that hearing, the defendant stated that he was satisfied with [the trial attorney's] representation, that he knew the nature of the charges, the plea agreement and the possible sentencing options. The Court finds that the motion was made in a timely manner and while the State may not be prejudiced the young and numerous witnesses would be. This Court had the benefit of presiding over the entire case as well as the Rule 11 plea hearing.

{¶ 8} Appellant has timely appealed the trial court's judgment, raising one assignment of error for our review:

The trial court abused its discretion in denying Appellant's Motion to Withdraw the pleas.

## Analysis

{¶ 9} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph two of the syllabus. "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *Id*. at 527. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate

4.

basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus. "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." *Id.* at 527. An abuse of discretion connotes that the trial court's ruling was "unreasonable, arbitrary, or unconscionable." *State v. Adams*, 62 Ohio St. 2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 10} We have recognized several factors to be considered by the trial court in determining whether a presentence motion to withdraw a plea is warranted. Those factors include:

(1) [W]hether the prosecutor would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. *State v. Eversole*, 6th Dist. Erie Nos. E-05-073, E-05-076, E-05-074, E-05-075, 2006-Ohio-3988, ¶ 13, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995).

5.

{¶ 11} Here, appellant argues that the trial court's decision was unreasonable and arbitrary because it was based on the notion that young witnesses would be prejudiced. Appellant asserts that there is no indication that any of the witnesses would be inconvenienced by the trial process. Instead, he explains that the prejudice to the witnesses is due solely to the fact that they would be required to testify about these events. Appellant notes, however, that there is an expectation that the witnesses would testify if appellant had exercised his constitutional right to a jury trial. Thus, he concludes that it is improper to rely on the prejudice to witnesses to deny his motion to withdraw his guilty pleas.

{¶ 12} Upon review, we disagree that the sole reason for the denial of appellant's motion was the prejudice to the witnesses. The trial court, after giving appellant a full hearing on the motion, also found that he was represented by highly competent counsel, that he was afforded a Crim.R. 11 hearing, that he understood the nature of the charges along with their possible penalties, and that he did not demonstrate a reasonable and legitimate basis for withdrawing his pleas. In light of this, we cannot say that the trial court's decision was unreasonable, arbitrary, or unconscionable. Therefore, we hold that the trial court did not abuse its discretion in denying appellant's presentence motion to withdraw his guilty pleas.

{¶ 13} Accordingly, appellant's assignment of error is not well-taken.

6.

{¶ 14} For the foregoing reasons, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

7.