[Cite as *State v. Mathis*, 2018-Ohio-4541.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

   Appellee

v.

Robert Mathis

   Appellant

Court of Appeals No. L-17-1230

Trial Court No. CR0201601970

**DECISION AND JUDGMENT**

Decided: November 9, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Robert Mathis, appeals the August 18, 2017 judgment

of the Lucas County Court of Common Pleas which, following a guilty plea pursuant to

*North Carolina v. Alford*, 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct. 160 (1970), sentenced

him to a total of 11 years of imprisonment.  For the reasons that follow, we affirm.

{¶ 2} Appellant was indicted on May 24, 2016, on seven counts of felonious

assault, second-degree felonies with firearm and gang specifications, one count of

improper discharge of a firearm with a firearm specification, a second-degree felony, and one count of participating in a criminal gang, a second-degree felony. The charges stemmed from an incident on May 16, 2016, where appellant, and co-defendant Tyru McClendon, allegedly fired shots in a neighborhood where children were playing; one of the bullets entered an occupied residence narrowly missing an individual. Appellant entered a not guilty plea to all the counts.

{¶ 3} Suppression motions were filed relating to the pretrial identification of appellant and his co-defendant and appellant's statements made to law enforcement. A suppression hearing on the identification issue was held on January 9, 2017, and the motion was denied. Following the June 9, 2017 hearing on the statements, the motion was denied.

{¶ 4} On June 26, 2017, pursuant to an agreement with the state, appellant withdrew his not guilty plea and entered an *Alford* plea to one count of felonious assault with a firearm specification, discharging a firearm into a habitation with a firearm specification, and participating in a criminal gang. At the plea hearing held in accordance with Crim.R. 11, appellant stated that he was 20 years old and could read and write in English. The court then explained the potential sentences, which required incarceration, fines, and postrelease control; appellant indicated that he understood.

{¶ 5} The court then explained that by entering an *Alford* plea, appellant's guilt and sentencing would not be affected; in other words, it would not result in a more

2.

favorable sentence. The court stated that appellant was giving up his right to trial; he explained the rights and protections afforded at trial.

{¶ 6} The court then confirmed that appellant was satisfied with his counsel's attention, advice, and competence. Appellant denied that he was threatened into entering the plea. Appellant agreed that the only promise that had been made was that in exchange for his plea to the three counts, a nolle prosequi would be entered as to the remaining counts. Appellant further acknowledged that the state would recommend that his maximum sentence be ten years but that the court could reject that and impose a sentence it deemed appropriate. Appellant signed the plea agreement. The state presented a lengthy recitation of the facts it intended to prove had the matter proceeded to trial. The court accepted the plea and ordered a presentence investigation report; the matter was set for sentencing on July 19, 2017.

{¶ 7} Just prior to sentencing, on July 19, 2017, appellant filed a motion to withdraw his *Alford* plea. Appellant argued that he entered the plea while "caught up in the moment" and upon the advice of his mother and grandmother. Appellant stated that the advice "clouded" his judgment and "prohibited him from truly understanding his trial rights and the consequences of his plea." Appellant asserted that he wished to exercise his right to a jury trial.

{¶ 8} In opposition, the state argued that it would be prejudiced if appellant was permitted to withdraw his plea as it had been over a year since the shooting and the memories of the witnesses could be fading. The state further argued that appellant was

3.

represented by "highly" competent counsel, was afforded a full Crim.R. 11 hearing, and that his motion to withdraw his plea contained no evidentiary reasons in support of his request.

{¶ 9} On August 2, 2017, the matter was called for a hearing on the motion; no further arguments were made or testimony presented. On August 9, 2017, the court denied the motion. After rehashing the parties' arguments, the court concluded that there was no evidence demonstrating that appellant's will was overcome and that he was represented by highly competent counsel. The court noted that appellant did not dispute that the withdrawal of his plea would prejudice the state. Finally, the court stated that appellant's only basis "for withdrawing his plea is a change of heart, an insufficient basis to permit withdrawal of his plea."

{¶ 10} At appellant's August 16, 2017 sentencing hearing, the court first indicated that it had considered the record, statements of the parties, and the presentence investigation report. The court then sentenced appellant to three years of imprisonment for each second-degree felony. In ordering that the sentences be served consecutively the court found that, pursuant to R.C. 2929.11 and 2929.14(C), they were necessary to fulfill the purposes of felony sentencing and were not disproportionate to the seriousness of appellant's conduct. The court further found the sentences necessary to protect the public and punish the offender. The court then imposed a mandatory, consecutive firearm-specification term, one-year for two of the three counts, for a total of 11 years of imprisonment. Finally, the court found that appellant had or was expected to have the

4.

means to pay all or part of the costs of supervision, confinement, assigned counsel, and prosecution.

{¶ 11} Thereafter, on August 18, 2017, the court filed its sentencing judgment entry which, reflecting the sentencing hearing, sentenced appellant to consecutive sentences totaling 11 years of imprisonment. Appellant was again ordered to pay the costs of supervision, confinement, assigned counsel, and prosecution. This appeal followed with appellant raising the following two assignments of error:

I. The trial court abused its discretion in denying appellant's presentence motion to withdraw his plea.

II. The trial court committed error to the prejudice of appellant by imposing the costs of prosecution without consideration of appellant's present or future ability to pay.

{¶ 12} Appellant's first assignment of error argues that the court erred when it denied his presentence motion to withdraw his plea. Appellant states that at the time he made the plea he was in an "emotionally distressed" state and was not "fully aware of the consequences he faced at the time, with regard to giving up his trial rights."

{¶ 13} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

5.

**{¶ 14}** A Crim.R. 32.1 presentence motion to withdraw a guilty plea is generally freely and liberally granted, although there is no absolute right to withdraw a plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of the syllabus. In *Xie*, the Supreme Court of Ohio directed that a trial court conduct a hearing on such a motion "to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* A trial court's decision granting or denying a presentence motion to withdraw a guilty plea is within the court's sound discretion and will not be reversed on appeal absent an abuse of that discretion. *Id.* at paragraph two of the syllabus. The term "abuse of discretion" implies that the trial court's attitude in reaching its decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 15}** In determining whether a trial court abused its discretion in denying a presentence motion to withdraw a guilty plea, a reviewing court weighs a list of factors, including:

> (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the

6.

nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. *State v. Eversole*, 6th Dist. Erie Nos. E-05-073, E-05-074, E-05-075, E-05-076, 2006-Ohio-3988, ¶ 13, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st. Dist.1995).

{¶ 16} Finally, a change of heart or mistaken belief about pleading guilty is not a reasonable basis that requires a trial court to permit the defendant to withdraw his guilty plea. *State v. Lawhorn*, 6th Dist. Lucas No. L-08-1153, 2009-Ohio-3216, ¶ 23.

{¶ 17} As set forth above, in denying appellant's motion the trial court ultimately determined that appellant's change of heart was not a sufficient basis to grant the withdrawal of his plea. Reviewing the record and the arguments of the parties, we cannot say that the trial court abused its discretion in so finding. At the June 26, 2017 plea hearing, appellant was thoroughly questioned about his knowledge of the consequences and voluntary nature of his plea. Further, there is no indication that appellant was innocent or had a complete defense to the charges; as required by appellant's *Alford* plea, the state presented a detailed account of the extensive evidence it had to present at trial. Appellant's first assignment of error is not well-taken.

{¶ 18} Appellant's second assignment of error argues that the court erred by imposing various costs incurred in connection with his prosecution. With regard to the costs of prosecution, R.C. 2947.23(A)(1)(a) provides that the trial court shall include in

7.

every sentencing judgment the costs of prosecution without consideration of whether the defendant has the ability to pay such costs. *State v. Rohda*, 6th Dist. Fulton No. F-06-007, 2006-Ohio-6291, ¶ 13. Accordingly, we find that the trial court did not err by imposing the costs of prosecution.

{¶ 19} Unlike the costs of prosecution, the imposition of the costs of confinement and appointed counsel are premised on a finding of a defendant's present or future ability to pay. *State v. Johnson*, 6th Dist. Lucas No. L-16-1165, 2017-Ohio-8206, ¶ 24, citing R.C. 2929.18(A)(5)(a)(ii) and 2941.51(D). Such a finding need not be made at a formal hearing, but the record must contain some evidence that the court considered the defendant's ability to pay. *Id.*, citing *State v. Maloy*, 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919, ¶ 13.

{¶ 20} In the present matter, at sentencing the court stated: "Defendant is found to have or reasonably expected to have the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law, and you're ordered to reimburse the State of Ohio and Lucas County for such costs."

{¶ 21} The August 18, 2017 sentencing judgment entry similarly provided:

> Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law. Defendant is ordered to reimburse the State of Ohio and Lucas County for such costs. This order of reimbursement is a judgment enforceable pursuant to law by

8.

the parties in whose favor it is entered.  Defendant further ordered to pay the cost assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021.

{¶ 22} The record revels that due to his youth and early incarceration, appellant had no real work history.  He also has no dependents.  At sentencing, appellant stated that he had been an honors student, played basketball, and had planned on attending college.  Thus, there is nothing in the record to suggest that appellant has any mental or physical infirmity that would prevent him from gaining employment following his release from prison.  *See State v. Turner*, 6th Dist. Lucas No. L-11-1080, 2012-Ohio-5985.  Based on the foregoing, we cannot say that the court's imposition of such costs was contrary to law.  Appellant's second assignment of error is not well-taken.

{¶ 23} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding, and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24(A), appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                  _____

                                                JUDGE

Arlene Singer, J.                             _____

James D. Jensen, J.                         JUDGE
CONCUR.

                                                _____

                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.