[Cite as *State v. Spigner*, 2022-Ohio-3171.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                   Court of Appeals No.  E-21-054

        Appellee                                Trial Court No.  2019-CR-468

v.

David Spigner                                   **DECISION AND JUDGMENT**

        Appellant                               Decided:  September 9, 2022

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Matthew A. Craig, for appellant.

* * * * *

**MAYLE, J.**

## I.      Introduction

{¶ 1} The defendant-appellant, David Spigner, appeals the November 23, 2021 judgment of the Erie County Court of Common Pleas, entered after the trial court denied Spigner's motion to withdraw his guilty plea.  For the following reasons, we affirm the judgment.

## II. Background

{¶ 2} The indictment in this case, dated January 15, 2020, alleges that Spigner conspired to commit three offenses: burglary, grand theft of a motor vehicle, and theft. Nearly one year later, the parties reached an agreement whereby Spigner pled guilty to an amended charge of attempted burglary, in violation of R.C. 2923.02(A) and 2911.12(A)(2) and (D), a felony of the third degree (Count 1) and complicity in the commission of grand theft of a motor vehicle, in violation of R.C. 2923.03(A)(2) and 2913.02(A)(1) and (B)(5), a felony of the fourth degree (Count 2), and the state agreed not to prosecute the complicity to commit theft offense (Count 3). As part of the plea agreement, the parties also made a joint recommendation that Spigner be ordered to spend 180 days in jail—which, at that time, he had nearly already served—plus a suspended prison sentence of three years. The trial court accepted the plea, entered findings of guilt, and ordered a presentence investigation in preparation for sentencing.

{¶ 3} The sentencing hearing was held 11 months later, on November 22, 2021. As the hearing began, defense counsel indicated that Spigner had "asked [counsel] to verbally move the court to withdraw [Spigner's guilty] plea." After a hearing, limited to that issue, the trial court denied the motion and proceeded to sentence Spigner.

{¶ 4} By judgment entry dated November 23, 2021, the court sentenced Spigner to serve 30 months in prison as to the burglary offense (Count 1) and 17 months as to the

2.

grand theft auto offense (Count 2), to be served concurrently, for a total prison term of 30 months. It also sentenced Spigner to a mandatory three-year term of post-release control.

{¶ 5} Spigner appealed and raises a single assignment of error for our review.

I. The trial court abused its discretion and committed reversible error in denying defendant/appellant's motion to withdraw his plea and this court should, therefore, reverse defendant/appellant's conviction.

### III. Discussion

{¶ 6} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Ohio Supreme Court has recognized that a presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992), citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). But, a defendant does not have an absolute right to withdraw a plea prior to sentencing. *Id.* Withdrawal of a plea will not be permitted merely because a defendant has experienced a change of heart. *See, e.g., State v. Posey*, 6th Dist. Ottawa No. OT-12-028, 2014-Ohio-1994, ¶ 9.

{¶ 7} Upon the filing of a motion to withdraw a plea, the trial court must conduct a hearing and exercise its discretion in determining whether there is a reasonable and legitimate basis for withdrawal of the plea. *Xie* at paragraphs one and two of the

3.

syllabus.  We review the trial court's decision for an abuse of that discretion, i.e. we review the record to determine whether the trial court's ruling was "unreasonable, arbitrary or unconscionable." *Id.* at 527.  "What constitutes an abuse of discretion in over-ruling a motion to withdraw a guilty plea will vary with the facts and circumstances of each case." (Quotation omitted*.) State v. Hartman*, 6th Dist. Huron No. H-17-014, 2018-Ohio-4452, ¶ 13 citing *State v. Preston*, 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 19.

{¶ 8} Appellate courts evaluate a trial court's decision to grant or deny a pre-sentence motion to withdraw a plea based upon the following factors (the "*Fish* factors"):

(1) whether the state would be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime.

*State v. Fish,* 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995), *overruled on other grounds*.  "Consideration of the factors is a balancing test, and no one factor is

4.

conclusive." *State v. Zimmerman*, 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087, ¶ 13.

**A. The hearing on Spigner's motion and the trial court's findings**

{¶ 9} The trial court conducted a hearing immediately upon Spigner's oral motion to withdraw. According to the transcript, defense counsel told the court that Spigner stood a "reasonable chance of being acquitted" if the case was tried because Spigner was "actually innocent of the charges" and because the state's case against him was "defensible," given "some triable questions of fact" and "some double jeopardy issues." The state opposed the motion, arguing that it would be prejudiced if forced to try the case because, after two and a half years since the crimes were committed, "people [including victims] are moving on from this case."

{¶ 10} After hearing the arguments, the court evaluated the factors, outlined above. Beginning with prejudice, the court noted that the alleged offenses had occurred "over two years ago" and that the state was "concern[ed] about * * * prejudice with the victim."

{¶ 11} Regarding Spigner's legal representation, the trial court noted that defense counsel had successfully negotiated a plea resulting in one count being dismissed (Count 3), another count being reduced from a second degree to a third degree felony offense (Count 1), and a joint sentencing recommendation calling for community control in lieu of prison. The court added that defense counsel "got the state to agree" to such a

5.

favorable plea, despite Spigner's significant criminal history, including 14 juvenile delinquency adjudications and several adult convictions for the same or similar offenses as the case at bar. The court concluded that Spigner had been represented by "highly competent" counsel.

{¶ 12} To address the adequacy of Spigner's Crim.R. 11 hearing, the court "play[ed] back" the entire 21-minute plea hearing in open court. Based upon that recording, the trial court concluded that Spigner received a "complete Criminal Rule 11 hearing." It made particular mention to the fact that, at the time of the plea, Spigner had affirmed his understanding of, and agreement with, the terms of the plea agreement and had also indicated that he was "pleading guilty because he was guilty." (Nov. 22, 2021 Tr. at 12).

{¶ 13} Next, the court noted its obligation to conduct a full and impartial hearing, which it noted it "[was] doing now."

{¶ 14} Regarding the timeliness of Spigner's motion, the court noted that Spigner filed his motion to withdraw "almost a year" after entering his plea *and* "only after" being rejected for a community based correctional facility *and* after "new" convictions" (for "assaults") and "new charges" against him were added (for aggravated riot and abduction).

{¶ 15} With regard to Spigner's claim of innocence, the court made the following observations: Spigner was alleged to have stolen a car and wallet belonging to the sister

6.

of his accomplice. At the time of Signer's arrest, near a gas station, the victim's credit card and a receipt from a recent purchase were found on Spigner's person. Video surveillance from the gas station showed Spigner making the purchase there, which refuted his statement to police that he "was just handed" the credit card by his accomplice. Other surveillance video showed Spigner riding in the stolen vehicle in Franklin County. Finally, the trial court noted that the accomplice told police that Spigner had "pointed [a gun] at him [and] made him * * * take the card and * * * go to the ATM to try to get money out * * * [and] put gasoline in the car." Based upon the evidence, the trial court rejected the argument that the state's case against Spigner was "defensible [with] triable facts." Further, in considering "all [the *Fish*] factors, the Court [concluded] that [Spigner does not have] a reasonable and legitimate basis to withdraw his plea." Accordingly, it denied the motion.

**B. Our review of the *Fish* factors**

{¶ 16} We will now review the trial court's decision by considering the *Fish* factors, while "remember[ing] that the ultimate question to be answered by the trial court is 'whether there is a reasonable and legitimate basis for the withdrawal of the plea,' * * * and the ultimate question to be answered by the court of appeals is whether the trial court abused its discretion in making this determination." *State v. Burns*, 12th Dist. Butler No. CA2004-07-084, 2005-Ohio-5290, ¶ 25, quoting *Xie*.

7.

### (1) Prejudice to the state by withdrawal of Spigner's guilty plea

{¶ 17} Prejudice to the state "[g]enerally * * * involves one or more witnesses becoming unavailable due to the delay in the trial resulting from the plea withdrawal." *State v. Preston,* 2d Dist. Montgomery No. No. 25393, 2013-Ohio-4404, ¶ 31, quoting *State v. Boyd*, 10th Dist. Franklin No. 97APA12-1640, 1998 WL 733717, *6 (Oct. 22, 1998). Prejudice "[must be] articulated and [will not] be presumed." *State v. Griffin,* 141 Ohio App.3d 551, 554-555, 752 N.E.2d 310 (7th Dist.2001).

{¶ 18} Here, the state complains that it no longer has any leverage over Spigner's accomplice because the case against him has resolved. But, the state does not claim that the accomplice—or any other witness—is now unavailable to testify. Instead, the state's prejudice argument is premised solely on the passage of time between the commission of the offenses and the filing of Spigner's motion ("two-and-a-half years"). Under the facts of this case, we find that the mere passage of time, without more, does not establish that the state would be prejudiced if Spigner's motion to withdraw was granted. Accordingly, we find that this factor weighs in Spigner's favor.

### (2) The representation afforded to Spigner by counsel

{¶ 19} In his brief, Spigner agrees that his counsel was not "deficient." Similarly, at the time of his plea, he told the court that he was satisfied with his attorney's representation. As set forth above, the trial court thoroughly addressed this factor, and

8.

we agree that Spigner was represented by "highly competent" counsel.  Therefore, we find that this factor weighs in favor of the state and against granting Spigner's motion.

### (3) The extent of Spigner's Crim.R. 11 plea hearing and (8) whether Spigner understood the nature of the charges against him and the potential sentence

{¶ 20} Crim.R. 11 sets forth the procedural requirements for accepting a guilty plea. These procedural requirements are consistent with constitutional protections afforded a defendant.  *State v. Stewart*, 51 Ohio St.2d 86, 88, 364 N.E.2d 1163 (1977). Here, the record demonstrates that the trial court complied with the formal requirements of the rule and that Spigner understood the substance of the Crim.R. 11 questions. We reach that determination based on the fact that, at the conclusion of the colloquy, Spigner communicated his willingness to accept the plea, and he demonstrated that he understood the rights he was waiving, the level of the offenses, and the possible penalties. Importantly, Spigner also "concedes" on appeal that these "factors," i.e. the plea hearing and his understanding of the charges and potential sentence, "do not support his motion to withdraw his plea."  (Appellant's Brief at 11).  For all of these reasons, we agree with the trial court's resolution of the third and eighth factors and find that they weigh in favor of the state and against granting Spigner's motion.

### (4) The extent of the hearing on Spigner's motion and (5) whether the trial court gave full and fair consideration to the motion

{¶ 21} As this court has previously observed, "while the *Xie* court failed to specifically set forth what type of hearing [on a motion to withdraw a plea] is required, it

9.

is axiomatic that such [a] hearing must comport with the minimum standards of due process, i.e., meaningful notice and opportunity to be heard." *State v. Eversole,* 6th Dist. Erie Nos. E-05-073, 2006-Ohio-3988, ¶ 14. Moreover, "[t]he scope of [the] hearing * * * should reflect the substantive merits of the motion." *Id.*

{¶ 22} The basis for Spigner's motion was his claim that he was "actually innocent of the charges" and the presence of "some double jeopardy issues" as to the Count 3, i.e. the theft offense that was *dismissed* as part of the plea. On appeal, Spigner faults the trial court for holding a "relatively brief" and "truncated hearing" during which the court failed to receive any "testimony or other evidence."

{¶ 23} As previously described, the trial court thoroughly discussed the evidence in the record before it concluded that Spigner lacked a legitimate basis to withdraw his plea. While Spigner criticizes the court for not, *sua sponte,* receiving any "testimony or other evidence" on these issues, Spigner offered none himself. Instead, Spigner sat silent while the court described the evidence in the record, all of which was suggestive of his guilt. "*Xie* does not require that a full evidentiary hearing be held in all cases." *Id.,* citing *State v. Mercer*, 6th Dist. Nos. L-98-1317, L-98-1318 (Jan. 14, 2000). "[B]old assertions without evidentiary support simply should not merit the type of scrutiny that substantial allegations would merit. * * *. This approach strikes a fair balance between fairness for an accused and preservation of judicial resources." (Citations omitted.) *Id.* In short, we find nothing in the record to suggest that the trial court did not give Spigner's motion full

10.

and fair consideration. Therefore, we find that the fourth and fifth factors weigh in favor of the state and against granting Spigner's motion.

**(6)** *Whether the timing of Spigner's motion was reasonable*

{¶ 24} Spigner concedes that ten months elapsed between the time of his plea and the filing of his motion. He claims that this delay was not "unreasonable" because he "was down in Franklin County dealing with several other criminal charges."

{¶ 25} Upon review, the record strongly suggests that it was Spigner's legal troubles in Franklin County—and not his "actual innocence"—that motivated him to seek withdrawal of the plea. According to the transcript in this case, the parties originally agreed that Spigner would serve his jail time in a "community-based correctional facility [CBCF]." But, while awaiting sentencing, Spigner was convicted of aggravated rioting and abduction in Franklin County, after which he was denied placement in the CBCF.

{¶ 26} On appeal, Spigner argues that his "*mistaken belief* that a CBCF would be a sentencing option" supports his motion to withdraw. (Emphasis added.) However, the only conclusion to be drawn from the transcript is that Spigner's ineligibility for a CBCF was *not* a function of any "mistaken belief" but rather a change of circumstances, i.e. his continued law-breaking, which resulted in more convictions. Because Spigner bears responsibility for this change in circumstances, we cannot say that his ten month delay in filing the motion was reasonable. Accordingly, we find that the timing of Spigner's motion weighs in favor of the state and against granting Spigner's motion.

*(7) The reasons for Spigner's motion and (9) whether Spigner was perhaps not guilty or had a complete defense to the charge.*

**{¶ 27}** "In weighing the ninth factor, 'the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement.'" *Hartman* at ¶ 27, quoting *State v. Davis*, 5th Dist. Richland No. 15CA6, 2015-Ohio-5196, ¶ 19. "A mere change of heart is not a reasonable basis for a defendant to withdraw his guilty plea." *Id.* citing *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

**{¶ 28}** As discussed, Spigner did not maintain his innocence until the day of sentencing, which was after the time he was convicted of other offenses and after learning that he was no longer eligible for community control. And, at the hearing on Spigner's motion to withdraw plea, he did not submit any testimony or evidence to suggest that he is innocent of the charges in this case.

**{¶ 29}** We find that the record in this case suggests that Spigner exhibited a mere "change of heart," and accordingly, we find that the seventh and ninth factors also weigh in favor of the state and against granting Spigner's motion.

### IV.    Conclusion

**{¶ 30}** Having reviewed the record, we find that, on the whole, the *Fish* factors weigh in favor of the state and against granting Spigner's motion to withdraw his guilty plea. Spigner's arguments in support of his motion evince a mere change of heart rather than a reasonable and legitimate basis for withdrawing the plea. Therefore, we conclude

12.

that the trial court did not abuse its discretion in denying his motion. Accordingly, we find Spigner's assignment of error not well-taken.

**{¶ 31}** We therefore we affirm the November 23, 2021 judgment of the Erie County Court of Common Pleas. Spigner is ordered to pay the costs of this appeal pursuant to App.R. 24. It is so ordered.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                              _____

                                                        JUDGE

Thomas J. Osowik, J.             

                                                        _____

Christine E. Mayle, J.                                       JUDGE
CONCUR.

                                                        _____

                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.