[Cite as *State v. Fischkelta*, 2019-Ohio-746.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

       PLAINTIFF-APPELLEE,                     CASE NO. 17-18-08

       v.

JOSEPH W. FISCHKELTA,                O P I N I O N

       DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 17CR000263

**Judgment Affirmed**

**Date of Decision:    March 4, 2019**

APPEARANCES:

    *Thomas M. Kollin* **for Appellant**

    *Anne K. Bauer* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Joseph W. Fischkelta ("Fischkelta"), brings this appeal from the July 12, 2018, judgment of the Shelby County Common Pleas Court sentencing him to thirty days in jail after Fischkelta pled guilty to, and was convicted of, Attempted Improper Handling of a Firearm in a Motor Vehicle in violation of R.C. 2923.02(A) and R.C. 2923.16(D)(1), a misdemeanor of the first degree, and OVI in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree. On appeal Fischkelta argues that the trial court erred by failing to conduct a hearing on what he claims was his oral motion to withdraw his guilty pleas and that he received ineffective assistance of counsel for his counsel's failure to file a written motion to withdraw his guilty pleas.

*Relevant Facts and Procedural History*

{¶2} On October 5, 2017, Fischkelta was indicted for Improper Handling of a Firearm in a Motor Vehicle in violation of R.C. 2923.16(D)(1), a felony of the fifth degree, OVI in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, and Endangering Children in violation of R.C. 2919.22(C)(1), a misdemeanor of the first degree. He originally pled not guilty to the charges.

{¶3} The case then proceeded through pretrial discovery. Fischkelta was late to two pretrial hearings, but he arrived at the court later on the same day so a bench warrant was not issued for his arrest. After Fischkelta's original, retained attorney

withdrew from the case, Fischkelta's new attorney filed a suppression motion and the matter was set for a hearing. Fischkelta failed to appear at the suppression hearing, and a bench warrant was issued for his arrest.

{¶4} The suppression hearing was rescheduled for May 29, 2018; however, at that scheduled hearing the parties indicated that a plea agreement had been reached. The plea agreement, which was reduced to writing and signed by the parties, indicated that Fischkelta would plead guilty to the amended charge of *Attempted* Improper Handling of a Firearm in a Motor Vehicle, a misdemeanor of the first degree, and to the OVI as charged in the indictment. In exchange for the guilty pleas, the State agreed to dismiss the Endangering Children charge, and agreed to not pursue any charges regarding Fischkelta's failure to appear in this matter.

{¶5} The trial court conducted a Crim.R. 11 colloquy with Fischkelta, then ultimately accepted his guilty pleas after determining they were knowing, intelligent, and voluntary. The trial court found Fischkelta guilty of Attempted Improper Handling of a Firearm in a Motor Vehicle, and OVI.

{¶6} On July 10, 2018, the matter proceeded to sentencing. At the beginning of the hearing, the following discussion occurred.

> **[DEFENSE COUNSEL]: Your Honor, based on discussions with my client this morning and an e-mail that he sent me late last week, it's my understanding my client wishes to relieve me of my services and is – is seeking to consider filing a motion to withdraw**

his plea on a basis that would cause conflict between us and that I think there are – it's my understanding there are accusations of improper – not fully advising him of – of matters related to the plea.

In considering that, I – I would ask the Court to consider granting a continuance so that Mr. Fischkelta would have an opportunity to speak with and retain other counsel. It's my understanding he has already spoken with other counsel, which is where some of this information is coming from. So I'm asking the Court to consider that continuance, Your Honor, under those circumstances.

THE COURT: Well, the Court is going to – to deny the request. Obviously, it comes at – at the – at the midnight hour. This case is, frankly, one of the oldest cases on the – Court's docket.

I believe Mr. Fischkelta has gone through at least a couple of other – other attorneys and, certainly, he's had plenty of opportunity between – between – before this morning to consider those issues and – and to make that decision and timely file something. So the Court is going to find the request to be not – not timely and is prepared to proceed with – with sentencing.

With that, Mr. Fischkelta, do you have any statements or comments that you wish to make regarding sentencing?

THE DEFENDANT: Just saying that I brought this to the Court today. I asked him to file the motion more than a week ago. So I'm not bringing this to you today, and I'm not saying it's his fault. It's probably just a misunderstanding.

And I'm not – I don't know how you do this and how it – paperwork works but – and, you're right, this has gone on for a long time.

Unfortunately, the last time I was here, I just didn't know the implications and the consequences and I was rushed into it. And an OVI, even if it's a misdemeanor, is gonna effect my medical license. I will never practice medicine again.

-4-

So at the ramifications of that and speaking with the other attorney, I feel that's the only option I have.

And, I mean, I accept – and it's a very good plea deal that was offered to me. But, again, you know, I have a family, I have a mom to take care of. I can't afford it. My mom lives with me. I can't afford even to go to jail. I mean – I mean, it's – weekends is fine. It's just gonna be a very destructive thing to my life if I proceed with it.

So, with that being said, I was told by the other attorney that – what do I say?

[DEFENSE COUNSEL]: I don't know.

THE DEFENDANT: For the record, I can put on the record the reasons that he's listed as well as the reasons I've listed and that the appellate court can review that and make their decision whether I can have another trial. If I've said that correctly.

THE COURT: Well, I'm not – I'm not sure exactly what –

THE DEFENDANT: I just wanna put on the record – and I guess the appellate court reviews the record and the record is that I'm not saying I – from day one, I mean, if you want to know some reasons, I will tell you. I mean, I'm not – I'm a professional, you know, and if you wanna know a few reasons, I'll be glad to tell you and then you can consider whether – and they're very, you know, accurate reasons why I backed off from the first attorney.

THE COURT: Well, again, the Court has already – already denied the motion to continue.

THE DEFENDANT: That's fine.

THE COURT: The Court has already – already denied the – the – well, I guess there hasn't really been a motion to withdraw a guilty plea filed in this case. So we're going to proceed with sentencing.

> **I suppose, Mr. Fischkelta, if, after we're finished, if you want to put something on – on the record, the Court will – will permit you to – to do so. And I guess we'll go from – go from there.**
>
> **So, again, my question to you was do you have any statements or comments you wish to make about the sentencing?**
>
> **[DEFENSE COUNSEL]: Anything you wish to say on the sentencing? I think we've made a record on the –**
>
> **THE DEFENDANT: No, sir. Like I said, you know. It's a very good plea bargain. Just – It's just something I can't take.**
>
> **THE COURT: Well, the Court would agree with you that – that [defense counsel] has done a really good job for you and did get a – a very good plea bargain for you. So you should be thankful for that.**
>
> **THE DEFENDANT: I am thankful. I am. I mean, I have – I have no ill feelings toward him.**
>
> **THE COURT: [Defense Counsel]?**
>
> [Defense counsel then discussed potential sentencing mitigation factors. The State had no comments or recommendations regarding sentencing, and the trial court proceeded to sentence Fischkelta.]

(July 10, 2018, Tr. at 6-10).

{¶7} After Fischkelta's sentence was pronounced, his attorney requested a stay of the thirty-day jail term given Fischkelta's intentions of pursuing an appeal. The requested stay was denied by the trial court. Fischkelta then attempted to request a few days before reporting to jail because he cared for his mother and she had no one else to care for her. The trial court denied Fischkelta's request,

indicating he was intelligent and should have planned for the possibility of being incarcerated.

{¶8} A judgment entry memorializing Fischkelta's sentence was filed July 12, 2018.  It is from this judgment that Fischkelta appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court erred when it deprived appellant of his right to a hearing on a presentence motion to withdraw guilty plea.**

**Assignment of Error No. 2**
**Appellant was denied effective assistance of counsel.**

*First Assignment of Error*

{¶9} In Fischkelta's first assignment of error, he argues that the trial court erred by depriving him of a hearing on what he claims was his oral motion to withdraw his guilty pleas.  Specifically, Fischkelta contends that once he expressed his intention to withdraw his pleas, the trial court was required to hold a full hearing to determine if there was a legitimate basis for Fischkelta withdrawing his pleas.

Relevant Authority

{¶10} A defendant may file a presentence motion to withdraw a guilty plea.  Crim.R. 32.1.  Although a trial court should freely grant such a motion, the Supreme Court of Ohio has held that a defendant does not maintain an absolute right to withdraw his plea prior to sentencing.  *State v. Xie*, 62 Ohio St.3d 521, 526 (1992).

Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists for the withdrawal. *Id*. at paragraph one of the syllabus.

**{¶11}** However, *Xie* does not require a full evidentiary hearing to be held. *State v. Eversole*, 6th Dist. Erie Nos E-05-073, 074, 075, 076, 2006-Ohio-3988, ¶ 14. In fact, "[t]he scope of a hearing on an appellant's motion to withdraw his guilty plea should reflect the substantive merits of the motion." *Id*. citing *State v. Smith*, 8th Dist. Cuyahoga No. 61464 (Dec. 10, 1992); *State v. Mitchell*, 6th Dist. No. L-99-1357 (Nov. 30, 2000). " '[B]old assertions without evidentiary support simply should not merit the type of scrutiny that substantial allegations would merit. * * *. This approach strikes a fair balance between fairness for an accused and preservation of judicial resources.' " *Eversole* at ¶ 14 citing *Smith*. "[A] trial court's inviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing, immediately before sentence is imposed, can constitute a full and fair hearing on that motion." *State v. Burnett*, 2d Dist. Montgomery No. 20496, 2005-Ohio-1036, ¶ 20, citing *State v. Holloman*, 2d Dist. Greene No. 2000CA82, 2001WL699533; *State v. Mooty*, 2d Dist. Greene No. 2000CA72, 2001-Ohio-1464.

**{¶12}** When a presentence request to withdraw a guilty plea has been made and denied, we consider several factors in reviewing a trial court's decision was proper, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing

held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Lane,* 3d Dist. Allen No. 1–10–10, 2010–Ohio–4819, ¶ 21, citing *State v. Griffin,* 141 Ohio App.3d 551, 554 (7th Dist.2001). *See also State v. Fish,* 104 Ohio App.3d 236, 240 (1st Dist.1995). "None of the factors is determinative on its own and there may be numerous additional aspects 'weighed' in each case." *State v. North,* 3d Dist. Logan No. 8–14–18, 2015–Ohio–720, ¶ 16, citing *Griffin* at 554 and *Fish* at 240.

**{¶13}** Ultimately, it is within the sound discretion of the trial court to determine what circumstances justify granting a presentence motion to withdraw a guilty plea. *Xie* at paragraph two of the syllabus. Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Ferdinandsen*, 3d Dist. Hancock No. 5-16-08, 2016-Ohio-7172, ¶ 10, citing *State v.. Nathan,* 99 Ohio App.3d 722, 725 (3d Dist.1995), citing *State v. Smith,* 49 Ohio St.2d 261, 361 (1977). An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams,* 62 Ohio St.2d 151, 157–158 (1980).

When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Adams,* 3d Dist. Defiance No. 4–09–16, 2009–Ohio–6863, ¶ 33.

Analysis

**{¶14}** In Fischkelta's assignment of error, he contends that although he never actually filed a motion to withdraw his guilty pleas, his statements at the sentencing hearing should be understood to constitute an oral motion to withdraw his pleas.

**{¶15}** Notably, at the beginning of the sentencing hearing, Fischkelta's attorney requested a continuance so that Fischkelta could speak with another attorney and then potentially file a motion to withdraw his pleas. The trial court stated that Fischkelta had already previously had a different attorney, and that this case had been pending for a significant period of time. In fact, the sentencing hearing was being held *six weeks* after Fischkelta originally entered his guilty pleas, giving him ample time to contact a new attorney and file any presentence motions he may have wanted to pursue. The trial court denied Fischkelta's attorney's motion for a continuance, then proceeded with the sentencing hearing.

**{¶16}** When the trial court inquired of Fischkelta if he had any comments regarding sentencing, Fischkelta indicated that at the time he entered into the plea agreement he did not know that an OVI conviction would have implications on his

employment, specifically his medical license.[1] Nevertheless, Fischkelta acknowledged that the plea deal he received was "very good" and he stated that he was satisfied with his attorney's representation. However, he stated that going to jail would be a "very destructive thing" for him as he had to take care of his mother.

{¶17} Essentially, Fischkelta stated to the trial court that he was not in a position to accept the consequences of his actions if consequences from sentencing included jeopardizing his medical license or his ability to care for his mother during the week. Fischkelta emphasized that the plea deal he had previously agreed to was "just something I can't take."

{¶18} On appeal, Fischkelta contends that his statements amounted to an oral motion to withdraw his guilty pleas and that a separate hearing should have been held on that oral motion. Contrary to his argument, we do not find that Fischkelta's statements regarding his inability to accept the consequences of his actions amounted to an actual motion to withdraw his guilty plea. Thus we cannot find that the trial court failed to conduct a "separate" hearing on any purported motion.

{¶19} Notwithstanding this point, even if we found that Fischkelta's statements did constitute a motion to withdraw his guilty pleas, Fischkelta was not necessarily entitled to a "separate" hearing on the motion. Rather, he was entitled to a hearing that reflected the substantive merits of his motion. *See Eversole*, *supra*,

---

[1] Although Fischkelta's application for a public defender indicated he was unemployed, he apparently was a Physician's Assistant and maintained a license in Indiana.

at ¶ 14. As stated previously, hearing oral arguments on a motion to withdraw a guilty plea at sentencing, immediately before a sentence is imposed, can constitute a full and fair hearing on the motion. *Burnett*, *supra*.

**{¶20}** Here, Fischkelta indicated that he was unaware at the time he made his plea that his OVI conviction could impact his medical license; however, the effect of a plea on collateral matters, such as employment, is not grounds for rendering a plea involuntary. *State v. Sabatino*, 102 Ohio App.3d 483, 486, 657 N.W.2d 527, 529-530 (8th Dist.1995). Thus such an issue would not require a more "substantial" hearing than Fischkelta's brief mention of the issue.

**{¶21}** Fischkelta's only other reason to support any purported motion to withdraw his guilty plea was that going to jail would be a hardship on him. This is not a reason to withdraw a plea. Incarceration is certainly a hardship, but a potential jail sentence was a result of Fischkelta's actions and he entered his pleas knowing that a jail term was possible from the Crim.R. 11 hearing. His desire for a more lenient punishment in the wake of a "very good" plea deal that prevented him from being convicted of a felony offense is not a reason to withdraw his plea, which was otherwise entered knowingly, intelligently, and voluntarily.

**{¶22}** Fischkelta thus stated no reasons meriting the withdrawal of his guilty plea that would warrant any more of a hearing than was given by the trial court even

if his statement was considered a request to withdraw his pleas. For all of these reasons, Fischkelta's first assignment of error is overruled.

*Second Assignment of Error*

**{¶23}** In Fischkelta's second assignment of error, he argues that he received ineffective assistance of counsel. Specifically, he contends that he requested his trial counsel to file a motion to withdraw his guilty plea and that motion was never filed.

Standard of Review

**{¶24}** "To establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced him." *State v. Hernandez*, 3d Dist. Defiance Nos. 4–16– 27, 28, 2017–Ohio–2797, ¶ 12, citing *State v. Phillips*, 3d Dist. Allen No. 1–15–43, 2016–Ohio–3105, ¶ 11, citing *State v. Jackson,* 107 Ohio St.3d 53, 2005–Ohio– 5981, ¶ 133, citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The failure to make either showing defeats a claim of ineffective assistance of counsel. *State v. Bradley*, 42 Ohio St.3d 136, 143 (1989), quoting *Strickland* at 697. ("[T]here is no reason for a court deciding an ineffective assistance of counsel claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Analysis

**{¶25}** At the outset, we note that at the plea hearing Fischkelta explicitly stated that he was satisfied with his attorney and at the sentencing hearing he explicitly stated that his attorney got him a "very good" plea deal. Despite this, Fischkelta contends that his attorney was ineffective for failing to file a motion to withdraw his guilty pleas so that he could receive "an opportunity to be heard."

**{¶26}** Contrary to Fischkelta's arguments, he had an opportunity to be heard and he still did not explicitly request to withdraw his guilty pleas. Nevertheless, the trial court heard Fischkelta's reasoning as to why he wanted to withdraw his pleas, namely that he was previously unaware of potential consequences to his employment and that the jail time would impact his ability to care for his mother. Neither of these reasons undermines the actual plea, or provides a valid reason to seek a plea withdrawal, thus there can be no prejudice in this matter from any purported ineffective assistance, especially since Fischkelta made his issues known to the trial court. Therefore, Fischkelta's second assignment of error is overruled.

*Conclusion*

**{¶27}** For the foregoing reasons Fischkelta's assignments of error are overruled and the judgment of the Shelby County Common Pleas Court is affirmed.

***Judgment Affirmed***

**PRESTON and WILLAMOWSKI, J.J., concur.**