[Cite as *State v. Miller*, 2019-Ohio-2157.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO.  6-18-13

     v.

AARON SCOTT MILLER,            O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20172164

**Judgment Affirmed**

**Date of Decision:   June 3, 2019**

APPEARANCES:

    *Emily P. Beckley* **for Appellant**

    *Jason M. Miller* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Aaron Scott Miller ("Miller"), appeals the November 29, 2018 judgment entry of sentence issued by the Hardin County Court of Common Pleas journalizing his conviction after pleading guilty, and ordering him to serve a non-mandatory aggregated sentence of forty-five months in prison. On appeal, Miller claims that the trial court erred in not conducting a hearing on his pre-sentence motion to withdraw his guilty plea.

{¶2} On November 27, 2017, the Hardin County Grand Jury returned a six-count indictment against Miller alleging that he committed the offenses of: Count One, Possession of Heroin, in violation of R.C. 2925.11(A),(C)(6)(b), a felony of the fourth degree; Count Two, Trafficking in Heroin, in violation of R.C. 2925.03(A)(2),(C)(6)(2), a felony of the fourth degree; Count Three, Tampering with Evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree; Count Four, Breaking and Entering, in violation of R.C. 2911.13(A), a felony of the fifth degree; Count Five, Theft from a Person in a Protected Class, in violation of R.C. 2913.02(A)(1),(B)(3); and Count Six, Felonious Assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree.

{¶3} The charges arose from allegations that Miller committed the six offenses on three different dates. The first incident was alleged to have occurred on August 17, 2016, when a female who was a passenger in a vehicle stopped by law

enforcement was found to have 28 units doses of heroin, two orange strips of Burprenorphine, and three tablets of Alprazolam in her vagina. The female claimed that the drugs belonged to Miller and that he had directed her to conceal them from law enforcement to avoid detection. The second incident occurred on February 19 and/or February 20, 2017. Miller was alleged to have participated in conduct with an acquaintance where a padlock on the door of a barn belonging to an elderly man was cut off and over $1,000.00 worth of tools was taken from the barn. The third incident occurred on February 22, 2017, when Miller was alleged to have fled from a home under law enforcement surveillance. Miller obtained a vehicle belonging to another individual and drove it toward a law enforcement officer who was chasing him on foot, causing the officer to move out of the way to avoid being struck by the vehicle. Miller entered a plea of not guilty to the charges listed in the indictment.

{¶4} On October 31, 2018, Miller appeared before the trial court and withdrew his previously tendered not guilty plea and entered a plea of guilty to Count One, fourth degree felony Possession of Heroin; Count Four, fifth degree Breaking and Entering; and Count Six amended from a second degree felony of Felonious Assault to a fourth degree felony offense of Assault. The prosecution agreed to dismiss the remaining three counts listed in the indictment. Miller's written Waiver of Rights and Plea of Guilty was filed in the record on November 1, 2018. On the same day, the trial court issued a Judgment Entry of Guilty,

acknowledging its acceptance of Miller's guilty plea in open court and finding him guilty of the three charges specified above.

{¶5} On November 28, 2018, the trial court conducted a sentencing hearing. Before the trial court pronounced its sentence, Miller made an oral motion to withdraw his guilty plea. The trial court overruled the motion and imposed a seventeen-month prison term on Count One, fourth degree felony Possession of Heroin; an eleven-month prison term on Count Four, fifth degree felony Breaking and Entering; and a seventeen-month prison term on amended Count Six, fourth degree felony Assault. The trial court ordered the prison terms to be served consecutively for a non-mandatory aggregated prison term of forty-five months.

{¶6} Miller filed this appeal, asserting the following assignment of error.

**THE TRIAL COURT ERRED IN NOT HOLDING A HEARING ON A PRESENTENCE MOTION TO WITHDRAW A GUILTY PLEA**.

{¶7} In his sole assignment of error, Miller claims that the trial court erred when it did not conduct a separate hearing on his oral motion to withdraw his guilty plea made during the sentencing hearing.

*Legal Standard*

{¶8} A defendant may file a presentence motion to withdraw a guilty plea. Crim.R. 32.1. Although a trial court should freely grant such a motion, the Supreme Court of Ohio has held that a defendant does not maintain an absolute right to

withdraw his plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists for the withdrawal. *Id.* at paragraph one of the syllabus.

**{¶9}** However, *Xie* does not require a full evidentiary hearing to be held. *State v. Fischkelta*, 3d Dist. Shelby No. 17-18-08, 2019-Ohio-746, ¶ 11. In fact, "[t]he scope of a hearing on an appellant's motion to withdraw his guilty plea should reflect the substantive merits of the motion." *State v. Eversole*, 6th Dist. Erie Nos E-05-073, 074, 075, 076, 2006-Ohio-3988, ¶ 14, citing *State v. Smith*, 8th Dist. Cuyahoga No. 61464 (Dec. 10, 1992). " '[B]old assertions without evidentiary support simply should not merit the type of scrutiny that substantial allegations would merit. * * *. This approach strikes a fair balance between fairness for an accused and preservation of judicial resources.' " *Eversole* at ¶ 14 citing *Smith*. "[A] trial court's inviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing, immediately before sentence is imposed, can constitute a full and fair hearing on that motion." *State v. Burnett*, 2d Dist. Montgomery No. 20496, 2005-Ohio-1036, ¶ 20.

**{¶10}** When a presentence request to withdraw a guilty plea has been made and denied, we consider several factors in reviewing a trial court's decision was proper, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing

held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *Fischkelta*, *supra*, 2019-Ohio-746, ¶ 11, citing *State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 21, citing *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist.2001). *See also State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995). "None of the factors is determinative on its own and there may be numerous additional aspects 'weighed' in each case." *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 16, citing *Griffin* at 554 and *Fish* at 240.

{¶11} Ultimately, it is within the sound discretion of the trial court to determine what circumstances justify granting a presentence motion to withdraw a guilty plea. *Xie* at paragraph two of the syllabus. Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Ferdinandsen*, 3d Dist. Hancock No. 5-16-08, 2016-Ohio-7172, ¶ 10, citing *State v. Smith*, 49 Ohio St.2d 261, 361 (1977). An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157–158 (1980). When applying this standard, a reviewing court may not simply

substitute its judgment for that of the trial court. *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

*Factual Background*

{¶12} At the change of plea hearing, Miller expressed dissatisfaction with his appointed trial counsel. The trial court held a lengthy discussion with Miller on the record and determined that trial counsel had provided Miller with competent representation. Notably, it is apparent from the record that Miller's primary complaint was that counsel could not convince the prosecutor to agree to a recommendation of community control or to a joint sentencing recommendation. The trial court explained to Miller that sentencing is an issue for the court to determine and that Miller's disapproval of his trial counsel had no merit on this ground. After hearing the trial court's explanation, Miller agreed to "keep" his trial counsel. (Tr. at 12). Again, the record reflects that the trial court engaged in a thorough conversation to ensure Miller wanted to proceed with the change of plea hearing and permitted Miller to have a short recess with his trial counsel to discuss the matter. After the recess, Miller indicated that he wanted to continue with the plea proceedings and subsequently entered a guilty plea, which was accepted by the trial court.

{¶13} At the sentencing hearing, the trial court reviewed the pre-sentence investigation report and discussed Miller's "extensive [criminal] history." (Tr. at

4). The trial court noted that two of the three offenses in this case were committed while Miller was waiting to be sentenced in Union County. The trial court further observed that Miller had committed the third offense after he was sentenced in that county and that Miller had "disappeared" and evaded service of a warrant issued by that court for nearly two years. Moreover, Miller had also evaded service of a warrant from the trial court for the underlying offenses for almost a year.

{¶14} The trial court also observed that in the past Miller had been unsuccessful in his placement in community based correctional facilities, which offered substance abuse rehabilitation treatment, and that he also had not successfully completed community control. The trial court gave Miller an opportunity to speak during which he asked for leniency and "one more chance." (Tr. at 21). The trial court highlighted the opportunities that Miller had in the past to get treatment for his drug addiction, but instead Miller had chosen to evade service of the warrant in his prior case, and returned to a life of crime fueled by his substance abuse. When it became apparent that the trial court was going to impose a prison term and that the court did not find that the offenses merged, Miller made an oral motion to withdraw his guilty plea. The trial court overruled Miller's motion and continued with sentencing.

*Discussion*

**{¶15}** On appeal, Miller claims it was error for the trial court to not postpone the sentencing proceeding and hold a separate hearing on his motion to withdraw his guilty plea. However, Miller has cited no authority to support his position on appeal. Rather it has been held that "[a] court is not required to postpone sentencing and hold a separate and distinct hearing on an oral motion to withdraw a plea." *State v. Perez,* 7th Dist. No. 12 MA 110, 2013-Ohio-3587, ¶ 15. Moreover, the timing of the motion was not reasonable. Miller raised his objections at the very last moment before sentencing. *See State v. Shelton*, 3d Dist. No. 13-11-07, 2011-Ohio-4893, ¶ 12 (finding the timing of a motion to withdraw a plea presented on the day of sentencing as being unreasonable).

**{¶16}** Nevertheless, it is evident from the record that the trial court gave full and fair consideration to Miller's stated basis for the motion to withdraw, which was based upon his dissatisfaction with trial counsel for not securing a recommendation from the prosecutor and his presumption that "he might get a chance" and not be sentenced to a significant amount of prison time. (Tr. at 48). The record reveals that the trial court sufficiently addressed these issues with Miller. Since Miller failed to establish any valid reasons for the withdrawal, it can be presumed that the motion was made because Miller changed his mind at the last minute when it became clear that the judge would likely impose a lengthy prison term. *See e.g.,*

*State v. Battersby*, 11th Dist. Lake No. 2007-L-023, 2008-Ohio-836, ¶ 59; *State v. Kramer*, 7th Dist. No. 01 CA 107, 2002-Ohio-4176, at ¶ 50 (a mere change of mind about entering the plea does not justify a withdrawal).

{¶17} In sum, we conclude that the trial court acted within its discretion in denying Miller's pre-sentence oral motion to withdraw his plea at sentencing and it did not err in declining to conduct a separate hearing on Miller's motion. The motion occurred just a few minutes before the sentence was going to be announced, and the reasons Miller gave for withdrawing his plea were not supported by the record. Furthermore, the motion appears to be a mere change of heart, and this is not a sufficient reason for granting the motion. Accordingly, the assignment of error is overruled and judgment of the trial court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/jlr**